IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN ROBERT McCARTNEY, ) | No. C 09-0548 MMC (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| MARISSA RICHARDSON, ) | |
| Defendant. ) | |

On February 6, 2009, plaintiff, a California prisoner incarcerated at the Santa Clara County Jail, and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claim

Plaintiff claims he was defamed by Marissa Richardson, who falsely reported that plaintiff held her hostage for two days and raped and beat her. Following a police investigation, the statements were found to be false. Plaintiff seeks monetary damages from Richardson in the amount of $100,000.

Plaintiff's action is filed on a form for complaints brought under 42 U.S.C. § 1983. Here, however, no grounds for relief under § 1983 exist because plaintiff's assertion that he was defamed by a private individual does not allege the violation of a constitutional right, an essential element of a claim under 42 U.S.C. § 1983. See West, 487 U.S. at 48. Additionally, a private individual does not act under color of state law, also an essential element of a § 1983 claim. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). In sum, the element of state action necessary for a claim under 42 U.S.C. § 1983 is missing from the instant action. See West, 487 U.S. at 48. Consequently, plaintiff's complaint asserts a state tort claim for defamation, the recourse for which, if any, lies in state court.

Accordingly, the complaint will be dismissed. Such dismissal will be without leave to amend, as any amendment to state a § 1983 claim against a private individual under the circumstances alleged herein would be futile. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (holding leave to amend need not be granted where amendment constitutes exercise in futility). The dismissal, however, will be without prejudice to plaintiff's filing an action in state court, should he choose to do so.

**CONCLUSION**

For the reasons stated above, the complaint is hereby DISMISSED without leave to amend and without prejudice to refiling in state court.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: April 3, 2009

_____
MAXINE M. CHESNEY
United States District Judge

2